Sarwan SINGH, Petitioner,

v.

John ASHCROFT, United States Attorney General, Respondent.

No. 01–4046.

United States Court of Appeals, Second Circuit.

June 13, 2003.

Sandra Greene, York, PA, for Petitioner.

Sarah S. Normand, Assistant United States Attorney (Kathy S. Marks, Sara L. Shudofsky, Assistant United States Attorneys, of counsel, James B. Comey, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Respondent.

PRESENT: MINER, CABRANES Circuit Judges, and DRONEY,* District Judge.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 13th day of June, two thousand and three.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Sarwan Singh, a native of India, petitions this court for review of a February 23, 2001 decision of the Board of Immigration Appeals ("BIA").

Petitioner entered the United States in 1993 without being lawfully admitted or paroled. Upon his arrival, he requested an exclusion hearing. Petitioner, represented by counsel, appeared before an immigration judge on May 13, 1994, at which he was granted thirty days leave to file an application for asylum and withholding of deportation. Petitioner did not file an application and did not appear for his scheduled hearing. On June 27, 1994, the immigration judge ordered him excluded from the United States. Petitioner did not appeal this order.

On March 21, 2000, petitioner was detained by officials of the Immigration and Naturalization Service ("INS"). Two months later, he moved to reopen his immigration proceedings and for a stay of deportation. He alleged that his original lawyer acted ineffectively by advising him not to appear at his hearing and not to appeal the June 27, 1994 exclusion order. The immigration judge denied petitioner's motion to reopen on May 25, 2000, and petitioner did not appeal this decision.

Instead, on August 29, 2000, petitioner filed a second motion to reopen. He asserted that, since the date of his first motion to reopen, new evidence had become available to support his assertion that he would be subject to torture if returned to India. Specifically, he cited a 2000 report from Amnesty International that he claims was not available until after his initial motion to reopen had been denied. This second motion to reopen was accompanied by an application for asylum and withholding of removal. Petitioner also requested relief pursuant to the United State's obligations under Article 3 of the United Nations Convention Against Torture ("CAT"),[1] as executed by the Foreign Affairs Reform and Restructuring Act of 1988, Pub.L. No. 105–277, div. G, Title XXII, § 2242, 112 Stat. 2681–822 (Oct. 21, 1998) (codified as Note to 8 U.S.C. § 1231).

On September 15, 2000, the immigration judge denied petitioner's second motion to reopen on the grounds that (1) pursuant to 8 C.F.R. § 3.23(b)(1) (2000), an alien may only file one motion to reopen immigration proceedings, (2) petitioner's CAT claim was untimely under 8 C.F.R. § 208.18(b)(2)(2000) (providing that an alien who became subject to a final order of exclusion prior to March 22, 1999 may move to reopen proceedings for the sole purpose of seeking protection under CAT, but that the motion must be filed on or before June 21, 1999), (3) petitioner waived the opportunity to apply for asylum and

1. The Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, 1465 U.N.T.S. 85, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/39/51 (1984); 23 I.L.M. 1027 (1984).

withholding when he failed timely to file such an application in 1994, and, in any event, (4) petitioner had not submitted evidence sufficient to establish that the country conditions in India had changed since 1994.

Petitioner appealed this decision to the BIA. On February 23, 2001 the BIA affirmed the decision of the immigration judge. The BIA noted that individuals may only file one motion to reopen. *See* 8 C.F.R. §§ 3.2(c)(2), 3.23(b)(1) (2000). It also determined that petitioner's second motion to reopen was untimely under 8 C.F.R. § 3.2(c)(2). The BIA recognized that untimely motions to reopen may be considered if they are based on changed circumstances in the country of origin and if the evidence sought to be offered is material and was not available at the prior proceeding. *See* 8 C.F.R. §§ 3.2(c)(3)(ii), 3.23(b)(4)(2000). It concluded, however, that this exception was not applicable because the country conditions documents offered by the petitioner did not demonstrate that circumstances had changed in India in a way that would give the petitioner a claim to asylum that did not exist in 1994.

On March 29, 2001, petitioner filed a motion for reconsideration of the BIA's February 23, 2001 decision. He argued that the BIA failed to adjudicate his CAT claims. On May 8, 2001, the BIA denied petitioner's motion to reconsider and concluded that the immigration judge correctly determined that petitioner's CAT claims were untimely because they were not filed by June 21, 1999.

We review the denial of a motion to reopen by the BIA for abuse of discretion. *See, e.g., Zhao v. United States Department of Justice,* 265 F.3d 83, 93 (2d Cir. 2001). Because we agree with the analysis and conclusions of the BIA in its decisions of February 23, 2001 and May 8, 2001, we hold that it did not abuse its discretion in denying petitioner's motion to reopen, and the petition for review is hereby DENIED.